IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HALVERSON,

        Plaintiff,

v.                                      Case No.  19-cv-477-jdp

UNITED STATES OF AMERICA,

        Defendant.

---

### DEFENDANT'S ANSWER

---

Defendant United States of America, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, and Assistant United States Attorney Barbara L. Oswald, hereby answers Plaintiff's Complaint, ECF No. 1, as follows:

### VENUE AND JURISDICTION

**Complaint ¶ 1:**  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this lawsuit is based upon the provisions of federal statute 18 U.S.C. § 925A(2), which provides a remedy for erroneous denial of firearm transfers. Mr. Halverson's request for a declaratory judgment is proper pursuant to 28 U.S.C. § 2201, which provides for declaratory judgment actions in federal matters.

**Answer:**  Defendant admits that the Court currently has jurisdiction over this matter.

**Complaint ¶ 2:**  The Western District of Wisconsin is proper venue for this lawsuit as to Defendant United States of America, pursuant to 28 U.S.C. § 1391(e)(1),

because the Plaintiff resides in the Western District of Wisconsin and no real property is involved in the action.

**Answer:** Defendant does not contest the venue of this action.

## PARTIES

**Complaint ¶ 3:** Plaintiff, John Halverson, is a natural person having a principal residence at 106 Westridge Road, Janesville, Wisconsin.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 4:** Defendant, United States of America, is a sovereign nation.

**Answer:** Defendant admits.

## FACTS

**Complaint ¶ 5:** On August 30, 2016, John Halverson won a raffle at a sporting goods shop located in Janesville, Wisconsin. The prize for the raffle was a shotgun, which is a firearm under federal law.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 6:** Because the sporting goods shop was a licensed federal firearms dealer, it required Mr. Halverson to submit to a background check using ATF Form 4473. A copy of the form is attached as Exhibit A.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 7:** The NICS transaction number assigned to the transfer was 1000JLJ0Y.

**Answer:** Defendant admits that transaction number 1000JLJ0Y was assigned to a firearm transfer request initiated in the name of John Halverson.

**Complaint ¶ 8:** Mr. Halverson was denied the transfer of the firearm he had won in the raffle, reportedly because of a conviction for disorderly conduct pursuant to Wis. Stats. § 947.01.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 9**: Mr. Halverson has no other criminal convictions.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 10:** In order to be a misdemeanor crime of domestic violence, a crime must require, as an element, the "use of physical force." § 921(a)(33)(A)(ii). The Supreme Court of the United States recently issued an opinion in *United States v. Castleman*, 134 S.Ct. 1405, 1415 (2014), citing its own opinion in *Leocal v. Ashcroft*, 125 S.Ct. 377 (2004), for the proposition that the word "use" in the phrase "use of physical force," means the legal definition of the crime must require "a higher degree of intent than negligence or merely accidental conduct." Accordingly, only crimes that require a mental state or scienter greater than negligence can be misdemeanor crimes of domestic violence under federal law.

**Answer:** The allegations set forth in this paragraph are legal conclusions to which no response is required.

**Complaint ¶ 11**: It is settled law that Wisconsin's disorderly conduct statute requires no element of intent whatsoever, not even negligence. *State v. Schwebke*, 253 Wis. 2d 1, 29 (WI App. 2002). Therefore, Disorderly Conduct as defined in Wis. Stat. § 947.01 is not a misdemeanor crime of domestic violence under federal law.

**Answer:** The allegations set forth in this paragraph are legal conclusions to which no response is required.

**Complaint ¶ 12**: Because Mr. Halverson is not convicted of a crime that would prohibit him from possessing a firearm, the denial of the transfer of the firearm was in error.

**Answer:** The allegations set forth in this paragraph are legal conclusions to which no response is required.

## CAUSES OF ACTION

### Erroneous Denial of Firearm Transfer

**Complaint ¶ 13**: Mr. Halverson incorporates by reference paragraphs 1 – 12 as though fully restated herein.

**Answer:**   Defendant hereby incorporates the answers set forth above to Paragraphs 1 through 12 of Plaintiff's Complaint.

**Complaint ¶ 14**: Because Mr. Halverson is not prohibited from possessing a firearm or ammunition, he seeks an order that his attempted transfer on August 30, 2016, be approved, pursuant to 18 U.S.C. § 925A.

4

**Answer:** Defendant admits that Plaintiff is seeking a relief pursuant to 18 U.S.C. § 925A. To the extent that the remaining allegations set forth in this paragraph are legal conclusions, no response is required.

### DECLARATORY JUDGMENT

**Complaint ¶ 15**: Mr. Halverson incorporates by reference paragraphs 1 - 14 as though fully restated herein.

**Answer:** Defendant hereby incorporates the answers set forth above to Paragraphs 1 through 14 of Plaintiff's Complaint.

**Complaint ¶ 16**: Mr. Halverson requests a declaratory judgment pursuant to 28 U.S.C. § 2201 that he is not prohibited from possessing a firearm or ammunition under federal law.

**Answer:** Defendant admits that Plaintiff is seeking a declaratory judgment pursuant to 28 U.S.C. § 2201.

### PRIOR PROCEEDING

**Complaint ¶ 17**: On January 9, 2019, this Complaint was filed and assigned Case No. 19-cv-2.

**Answer:** Defendant admits.

**Complaint ¶ 18**: On May 7, 2019, Case No. 19-cv-2 was dismissed voluntarily without prejudice.

**Answer:** Defendant admits.

## RESPONSE TO RELIEF REQUESTED

**Answer:**  Plaintiff's requests for relief set forth no allegations to which a response is required.

## DENIAL OF OTHER ALLEGATIONS

Any other allegation not specifically admitted or denied, is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

Dated this 9th day of September, 2019.

> SCOTT C. BLADER
> United States Attorney
>
> By: */s/Barbara L. Oswald*
> BARBARA L. OSWALD
> Assistant United States Attorney
> 222 W. Washington Avenue, Suite 700
> Madison, Wisconsin 53703
> Tel. (608) 264-5158
> Fax (608) 264-5724
> barbara.oswald@usdoj.gov