IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HALVERSON,

        Plaintiff,

v.                                               Case No. 19-cv-477-jdp

UNITED STATES OF AMERICA,

        Defendant.

---

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT

---

Defendant United States of America, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, and Assistant United States Attorney Barbara L. Oswald, hereby answers Plaintiff's Amended Complaint, ECF No. 12, as follows:

### VENUE AND JURISDICTION

**Complaint ¶ 1:** The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this lawsuit is based upon the provisions of federal statute 18 U.S.C. § 925A(2), which provides a remedy for erroneous denial of firearm transfers. Mr. Halverson's request for a declaratory judgment is proper pursuant to 28 U.S.C. § 2201, which provides for declaratory judgment actions in federal matters.

**Answer:** Defendant denies that the Court has jurisdiction over this matter.

**Complaint ¶ 2:** The Western District of Wisconsin is proper venue for this lawsuit as to Defendant United States of America, pursuant to 28 U.S.C. § 1391(e)(1),

because the Plaintiff resides in the Western District of Wisconsin and no real property is involved in the action.

**Answer:**  Defendant does not contest the venue of this action.

## PARTIES

**Complaint ¶ 3:**  Plaintiff, John Halverson, is a natural person having a principal residence at 106 Westridge Road, Janesville, Wisconsin.

**Answer:**   Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 4:**  Defendant, United States of America, is a sovereign nation.

**Answer:**   Defendant admits.

## FACTS

**Complaint ¶ 5:**  On August 30, 2016, John Halverson won a raffle at a sporting goods shop located in Janesville, Wisconsin. The prize for the raffle was a shotgun, which is a firearm under federal law.

**Answer:**   Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 6:**  Because the sporting goods shop was a licensed federal firearms dealer, it required Mr. Halverson to submit to a background check using ATF Form 4473. A copy of the form is attached as Exhibit A.

**Answer:**   Defendant admits that a licensed federal firearms dealer is required by law to have a prospective transferee fill out an ATF Form 4473 and conduct a background check prior to transferring a firearm.  Defendant lacks knowledge or

information sufficient to admit or deny the remaining allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 7:** The NICS transaction number assigned to the transfer was 1000JLJ0Y.

**Answer:** Defendant admits that transaction number 1000JLJ0Y was assigned to a firearm transfer request initiated in the name of John Halverson.

**Complaint ¶ 8:** Mr. Halverson was denied the transfer of the firearm he had won in the raffle, reportedly because of a conviction for disorderly conduct pursuant to Wis. Stats. § 947.01.

**Answer:** Defendant admits Plaintiff was previously denied transfer of a firearm based upon a conviction under Wis. Stat. § 947.01 but denies that Plaintiff is currently denied a transfer of a firearm based on that conviction.

**Complaint ¶ 9**: Mr. Halverson has no other criminal convictions.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph, and, therefore, denies them.

**Complaint ¶ 10:** In order to be a misdemeanor crime of domestic violence, a crime must require, as an element, the "use of physical force." § 921(a)(33)(A)(ii). The Supreme Court of the United States recently issued an opinion in *United States v. Castleman*, 134 S.Ct. 1405, 1415 (2014), citing its own opinion in *Leocal v. Ashcroft*, 125 S.Ct. 377 (2004), for the proposition that the word "use" in the phrase "use of physical force," means the legal definition of the crime must require "a higher degree of intent than negligence or merely accidental conduct." Accordingly, only crimes that require a

mental state or scienter greater than negligence can be misdemeanor crimes of domestic violence under federal law.

**Answer:**  The allegations set forth in this paragraph are legal conclusions to which no response is required.

**Complaint ¶ 11**:  It is settled law that Wisconsin's disorderly conduct statute requires no element of intent whatsoever, not even negligence. *State v. Schwebke*, 253 Wis. 2d 1, 29 (WI App. 2002). Therefore, Disorderly Conduct as defined in Wis. Stat. § 947.01 is not a misdemeanor crime of domestic violence under federal law.

**Answer:**  The allegations set forth in this paragraph are legal conclusions to which no response is required.

**Complaint ¶ 12**:  The Department of Justice, Federal Bureau of Investigation sent a letter and attachments dated October 11, 2019, to Mr. Halverson and to undersigned counsel for Mr. Halverson regarding the issues presented in Mr. Halverson's original complaint. The letter and its attachments are attached to this amended complaint, and incorporated by reference.

**Answer:**  Defendant admits the allegations in this paragraph to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations in this paragraph are denied.

**Complaint ¶ 13:**  In its letter, the Department of Justice concedes that Mr. Halverson is not a prohibited person due to his disorderly conduct conviction. However, it identifies for the first time "based on further review," a new issue: that Mr.

Halverson has a "potentially prohibiting arrest lacking a disposition with level of conviction."

**Answer:** Defendant admits the allegations in this paragraph to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations in this paragraph are denied.

**Complaint ¶ 14:** Upon information and belief, that "potentially prohibiting arrest" is related alleged non-payment of child support. A conviction for non-payment of child support, pursuant to Wis. Stat. § 948.22(2), a Class I felony, would be a prohibiting conviction. Upon information and belief, Mr. Halverson has no such conviction.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph as to Mr. Halverson's lack of prohibiting convictions, and, therefore, denies them. The remaining allegations set forth in this paragraph are legal conclusions to which no response is required.

## CAUSES OF ACTION

**Complaint ¶ 15:** Because Mr. Halverson has not been convicted of a crime that would prohibit him from possessing a firearm, the denial of the transfer of the firearm was in error.

**Answer:** Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph as to Plaintiff's lack of prohibiting convictions, and, therefore, denies them. Defendant denies that Plaintiff is currently denied the

transfer of a firearm. The remaining allegations set forth in this paragraph are legal conclusions to which no response is required.

**Complaint ¶ 16:** The appearance of a "potentially prohibiting arrest" upon Mr. Halverson's FBI Identity History Summary is not a sufficient reason to deny him a firearm transfer in this action.

**Answer:** The allegations set forth in this paragraph are legal conclusions to which no response is required.

### Erroneous Denial of Firearm Transfer

**Complaint ¶ 17**: Mr. Halverson incorporates by reference paragraphs 1 – 16 as though fully restated herein.

**Answer:** Defendant hereby incorporates the answers set forth above to Paragraphs 1 through 16 of Plaintiff's Amended Complaint.

**Complaint ¶ 18**: Because Mr. Halverson is not prohibited from possessing a firearm or ammunition, he seeks an order that his attempted transfer on August 30, 2016, be approved, pursuant to 18 U.S.C. § 925A.

**Answer:** Defendant admits that Plaintiff is seeking a relief pursuant to 18 U.S.C. § 925A. To the extent that the remaining allegations set forth in this paragraph are legal conclusions, no response is required.

### DECLARATORY JUDGMENT

**Complaint ¶ 19**: Mr. Halverson incorporates by reference paragraphs 1 - 18 as though fully restated herein.

**Answer:** Defendant hereby incorporates the answers set forth above to Paragraphs 1 through 18 of Plaintiff's Amended Complaint.

**Complaint ¶ 20**: Mr. Halverson requests a declaratory judgment pursuant to 28 U.S.C. § 2201 that he is not prohibited from possessing a firearm or ammunition under federal law.

**Answer:** Defendant admits that Plaintiff is seeking a declaratory judgment pursuant to 28 U.S.C. § 2201.

## PRIOR PROCEEDING

**Complaint ¶ 21**: On January 9, 2019, this Complaint was filed and assigned Case No. 19-cv-2.

**Answer:** Defendant admits.

**Complaint ¶ 22**: On May 7, 2019, Case No. 19-cv-2 was dismissed voluntarily without prejudice.

**Answer:** Defendant admits.

## RESPONSE TO RELIEF REQUESTED

**Answer:** Plaintiff's requests for relief set forth no allegations to which a response is required.

## DENIAL OF OTHER ALLEGATIONS

Any other allegation not specifically admitted or denied, is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over Plaintiff's claims.

7

Dated this 20th day of December, 2019.

                    SCOTT C. BLADER
                    United States Attorney

                    By: */s/Barbara L. Oswald*
                    BARBARA L. OSWALD
                    Assistant United States Attorney
                    222 W. Washington Avenue, Suite 700
                    Madison, Wisconsin 53703
                    Tel. (608) 264-5158
                    Fax (608) 264-5724
                    barbara.oswald@usdoj.gov